Exhibit 1

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br>ProAir Intermediate Holdco, LLC,[1]<br>    Debtor | Chapter 7<br>Case No. 22-11195 (LSS) |
| In re:<br>ProAir, LLC,<br>    Debtor | Chapter 7<br>Case No. 22-11196 (LSS) |
| In re:<br>American Cooling Technology, LLC,<br>    Debtor | Chapter 7<br>Case No. 22-11197 (LSS) |
| In re:<br>Bus Air, LLC,<br>    Debtor | Chapter 7<br>Case No. 22-11198 (LSS) |
| In re:<br>Evans Tempcon Delaware, LLC,<br>    Debtor | Chapter 7<br>Case No. 22-11199 (LSS) |

**STIPULATION BY AND BETWEEN BERKSHIRE BANK AND CHAPTER 7 TRUSTEE MODIFYING THE AUTOMATIC STAY**

This stipulation and order (this "Stipulation") is entered into by and between Berkshire Bank ("Berkshire") and Jeoffrey L. Burtch, the Chapter 7 Trustee (the "Trustee," and together with Berkshire, the "Parties") of the bankruptcy estates of ProAir, LLC, ProAir Intermediate Holdco, LLC, American Cooling Technology, LLC, Bus Air, LLC, and Evans Tempcon Delaware, LLC

---

[1] The Debtors in the above captioned Chapter 7 Cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: ProAir Intermediate Holdco, LLC (3331), ProAir, LLC (8392), American Cooling Technology, LLC (7742), Bus Air, LLC (8627) and Evans Tempcon Delaware, LLC (8229). The Debtors' principal place of business is 2900 County Road 6 West, Elkhart, IN 46514.

(each a "Debtor" and collectively, the "Debtors"). The Parties hereby stipulate and agree as follows:

RECITALS

WHEREAS, on November 16, 2022 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 7 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court");

WHEREAS, on the Petition Date, the Trustee was appointed by the Bankruptcy Court as the Chapter 7 Trustee for the Debtors' bankruptcy estates;

WHEREAS, on November 23, 2022, Berkshire filed its *Motion for Relief from the Automatic Stay* (the "Motion") [D.I. 9] requesting an order from the Bankruptcy Court lifting the stay to allow Berkshire to exercise any and all rights it may have under the Loan Documents[2] or applicable non-bankruptcy law;

WHEREAS, also on November 23, 2022, counsel for Berkshire conferred with counsel for the Trustee regarding the scope of Berkshire's requested relief, the value of the Bank Priority Collateral, the limited prospect of a going concern sale, and the need for an expedited resolution;

WHEREAS, counsel and representatives of the Trustee, Berkshire, and the Term Agent met and conferred again on November 30, 2022, and as a result of such conference agreed to the terms set forth herein providing relief from the automatic stay while also affording certain protections and assurances to the Debtors' estates; and

WHEREAS the Parties have agreed to modify the automatic stay so that Berkshire may exercise its rights in connection with the Bank Priority Collateral on the terms and conditions set forth herein;

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and between the Parties, subject to Court approval, as follows:

1. The foregoing recitals are hereby fully incorporated into and made an express part of this Stipulation.

2. Berkshire, and its agents, shall be permitted access to the Debtors' facilities (the "<u>Facilities</u>"). In consideration of such access, Berkshire agrees to indemnify and hold harmless the estates from any loss or damages arising out of any claim asserted or loss suffered by any party by virtue of Berkshire or its agents accessing the Facilities. With respect to any claim for rent, Berkshire shall indemnify the Trustee and the estates for any rent accruing in connection with Facilities accessed by Berkshire from and after the date on which Berkshire or its agents first access the Facilities through the date that Berkshire and its agents cease accessing the Facilities.

3. Upon approval of this Stipulation by the Court, relief from the automatic stay is hereby granted to permit Berkshire, and its agents, to exercise any and all rights Berkshire may have under the Loan Documents or applicable non-bankruptcy law with respect to the Bank Priority Collateral and to otherwise protect the Bank Priority Collateral, including, but not limited to, obtaining possession and disposing of the Bank Priority Collateral pursuant to an Article 9 sale under the Uniform Commercial Code.

4. Further, Berkshire is authorized to exercise its nonexclusive worldwide license or right to use any of the Intellectual Property and Equipment (as those terms are defined in the Loan Agreement) to purchase, use, market, repossess, possess, store, assemble, manufacture, process, sell, transfer, distribute or otherwise dispose of any asset included in the Bank Priority Collateral in connection with the liquidation, disposition or realization upon the Bank Priority Collateral in accordance with the terms and conditions of § 14(x) of the Loan Agreement and § 7(b) of the

Intercreditor Agreement (with such nonexclusive worldwide license being terminable in accordance with § 7(c) of the Intercreditor Agreement).

5. Berkshire shall cooperate with the Trustee to allow Debtors' former employees or third parties with access to the Facilities in Berkshire's possession to retrieve personal property that is not property of the estates, to allow prospective purchasers to tour the Facilities as requested from time to time, and to provide the Trustee with access to any books and records necessary to administer these cases that may be at the Facilities which are in possession of Berkshire, including certificates of title and other documents related to owned vehicles and real estate.

6. In the event that the Trustee obtains an economically viable and binding agreement to purchase substantially all of the Debtors' assets, including the Bank Priority Collateral, as a going concern, Berkshire agrees to cooperate with the Trustee as reasonably necessary to maximize the value of a § 363 sale.

7. Nothing herein shall entitle Berkshire to purchase, use, market, repossess, possess, store, assemble, manufacture, process, sell, transfer, distribute or otherwise dispose of any asset included in the Term Priority Collateral unless expressly authorized by the Intercreditor Agreement or expressly consented to in writing by the Term Agent. Any proceeds of Term Priority Collateral that Berkshire may realize in connection with the liquidation, disposition or realization upon the Bank Priority Collateral shall be turned over promptly to the Term Agent in accordance with the terms of the Intercreditor Agreement.

8. Notwithstanding anything in the Motion to the contrary, the 54 fittings identified on **Exhibit A** to this Stipulation that are located at the Debtors' facility in Elkhart, Indiana (the "Fittings"), are owned by The Shyft Group, LLC ("Shyft"), and therefore such Fittings are not property of the estate and do not constitute Bank Priority Collateral. Upon payment by Shyft to

Berkshire of all amounts due and owing to the Debtors from Shyft and its affiliate Utilimaster, subject to such conditions as the Trustee may impose to ensure protection of the estates, Shyft shall be immediately authorized to retrieve the Fittings from the Elkhart Property without further order of the Court, and the Trustee and Berkshire shall provide commercially reasonable cooperation in connection therewith.

9. Except as otherwise set forth herein, nothing in this Stipulation shall impair, modify, limit or expand the rights and duties of any of the Parties.

10. The Parties hereby jointly request that the 14 day stay provided by Federal Rule of Bankruptcy Procedures 4001(a)(3) be waived, and the order approving this Stipulation shall be effective immediately upon entry by the Bankruptcy Court.

11. The Bankruptcy Court shall retain jurisdiction to hear any matters or disputes arising from or relating to this Stipulation.

Dated: December 2, 2022

**COZEN O'CONNOR**

*/s/ Mark Felger*
Mark Felger (DE Bar No. 3919)
Gregory F. Fischer (DE Bar No. 5269)
1201 North Market Street, Suite 1001
Wilmington, DE 19801
Telephone: (302) 295-2087
Facsimile: (877) 286-4528
E-mail: mfelger@cozen.com
E-mail: gfischer@cozen.com

*Proposed Counsel to Jeoffrey L. Burtch, Chapter 7 Trustee*

**CROSS & SIMON, LLC**

*/s/ Kevin Mann*
Kevin S. Mann (DE Bar No. 4576)
1105 North Market Street, Suite 901
Wilmington, DE 19801
Telephone: (302) 777-4200
E-mail: kmann@crosslaw.com
 -and-
**RUBERTO, ISRAEL & WEINER, P.C.**

James C. Fox (MA BBO# 548664)
Rion M. Vaughan (MA BBO# 689153)
255 State Street, 7th Floor
Boston, MA 02109
(617) 742-4200
E-mail: jcf@riw.com
E-mail: rmv@riw.com

*Counsel to Berkshire Bank*

# EXHIBIT A



**BurgaFlex**
1101 Copper Ave.
Fenton MI 48430

| Invoice | 0091753 |
|---|---|
| Date | 10/31/2022 |
| Shipment ID | 213078 |
| Page | 1 |

**Bill To:**
The Shyft Group USA INC.
1000 Reynolds Rd.
Charlotte MI 48813

**Ship To:**
The Shyft Group USA INC.
1000 Reynolds Rd.
Charlotte MI 48813

| Purchase Order No. | Customer ID | Supplier Code | Shipping Method | Payment Terms | Req Ship Date | Master No. |
|---|---|---|---|---|---|---|
| MRO102822A | TSG488 | | | Net 30 | 10/31/2022 | 5,741,431 |

| Ordered | Shipped | B/O | Item Number | Description | Unit Price | Ext. Price |
|---|---|---|---|---|---|---|
| 55.0000 | 54.0000 | 1.0000 | SA-53717-12-14S-C 569737 | 3/4-3/4 O/R FML SWVL STR R134 54.0000 | $6.9300 | $374.2200 |

```
6WA976         OCT 31, 2022    ACT WT 24.0 LBS
SVC 1DA                        BL WT 24.0 LBS         1 OF 1
TRACKING# 1Z6WA9780145323909
REF 1: 213078
REF 2:

HANDLING CHARGE 0.00
SINGLE-PIECE PUB RATE CHRGS:       SVC F/C USD
DV 0.00                    COD 0.00     RS 0.00
DC 0.00                    DOD 0.00     SD 0.00
AH 0.00                    PR  0.00     SP 0.00
TOT PUB CHG 0.00        PUB+HC0.00
```

THIS DOCUMENT IS NOT AN INVOICE.

| | |
|---|---|
| Subtotal | $374.2200 |
| Misc | $0.0000 |
| Tax | $0.0000 |
| Freight | $0.0000 |
| Trade Discount | $0.0000 |
| Total | $374.2200 |



10160 Gainey Drive
Holly, MI 48442

Phone: (810) 603-1068
Fax: (810) 714-9218

| Packing Slip | |
|---|---|
| Shipment ID: | 213078 |
| Shipment Date: | 10/31/2022 |
| Vendor ID: | VendorID |

Ship To:
The Shyft Group USA INC.
1000 Reynolds Rd.
Charlotte, MI 48813

| PO Number | Container ID | BNA Invoice # | Item Number | Description | Quantity | Unit of Measure |
|---|---|---|---|---|---|---|
| MRO102822A | 891959848 | 0091753 | SA-53717-12-14S-C | | 54 | EA |



# The Shyft Group
## Shipping Request Form

**Form Name:** The Shyft Group Shipping Request Form

Propriety & Confidential

### Employee Information
| Field | Value |
|---|---|
| Employee Name: | J. Harper |
| Date: | 11/7/2022 |
| Email Address: | jennifer.harper@theshyftgroup |
| Phone Extension | 517-759-5717 |
| Dept: | Purch |

### Shipping Purpose (Select One)
- Personal ☐
- Business ☒

### Payment Terms (Select One)
- Prepaid ☒
- Collect ☐
- Account # ☐

### Address Information
| Field | Value |
|---|---|
| Company Name: | ProAir |
| State: | IN |
| Attention To: | Becky Isza |
| Zip: | 46514 |
| Street Address: | 2900 County Rd. 6 West |
| Country: | USA |
| City: | Elkhart |
| Phone: | |

### Contents Description
| Item Number | Description | Quality | Extended Cost |
|---|---|---|---|
| fittings | | 54 | |

### Ship Via (Select One)
- Next Day Air Early AM ☐
- Next Day Air ☐
- Next Day Air Saver ☐
- 2 Day Air AM ☐
- 2 Day Air ☐
- 3 Day Select ☐
- Ground Guaranteed 11/8 ☒
- Saturday Delivery ☐
- Other ☐

If shipping for a dept. or business unit other than SPA, please enter:
- Department → 2040
- Cost Center →
- Account # →

| | |
|---|---|
| Material Cost | |
| Shipping Cost | |
| Total | |

- Insured: ☐ yes ☒ No
- Amount $ _____

### Does Shipment Contain?
| Material | Yes | No |
|---|---|---|
| Explosives | ☐ | ☒ |
| Non-flammable Gas | ☐ | ☒ |
| Flammable Liquid | ☐ | ☒ |
| Dangerous When Wet | ☐ | ☒ |
| Oxidizer | ☐ | ☒ |
| Poison | ☐ | ☒ |
| Radioactive | ☐ | ☒ |
| Corrosive | ☐ | ☒ |
| Aerosols | ☐ | ☒ |
| Misc. Materials | ☐ | ☒ |

### Special Instructions

*** ALL FORM FIELDS MUST BE COMPLETEDS IN THEIR ENTIRETY BEFORE SHIPMENT ***

**Associate Signature:** J. Harper
**Date:** 11/7/2022

---

```
208F3W           NOV 7, 2022    ALL CURR USD
SVC 1DP                 ACT WT 24.6 LBS          1 OF 1
TRACKING# 1Z208F3W1360476268
REF 1:2040
REF 2:PURCHASING

HANDLING CHARGE 0.00
SINGLE-PIECE PUB RATE CHRGS:
DV 0.00                              SVC 92.09 USD
DC 0.00          COD  0.00           RS  0.00
AH 0.00          DGD  0.00           SD  0.00
                 PR   0.00           SP  0.00
TOT PUB CHG 92.09
TOT NR CHG 26.24           PUB+HC92.09
THIS DOCUMENT IS NOT AN INVOICE.    NR+HC26.24
```